OLEKSIW, PLAINTIFF-APPELLANT, *v.* WEIDENER ET,
DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26604.   Decided January 23, 1964.

*Messrs. Rini & Hecht, Mr. Martin A. Rini* and *Mr. Donald L. Goldman,* for plaintiff-appellant.

*Messrs. McNeal & Schick, Mr. Harley J. McNeal,* for defendants-appellees.

*Per Curiam.*   This appeal comes to this court upon questions of law from a judgment entered in the Court of Common Pleas upon a directed verdict in favor of defendants.

The petition alleges that both defendant Weidener and defendant Simeone were physicians and that plaintiff was a patient of defendants and treated by them jointly, and that they con-

sulted with one another and acted in concert in attempting to cure plaintiff of an ailment; that defendant Weidener, acting for himself and defendant Simeone, ordered and performed a bilateral femoral arteriogram upon plaintiff at City Hospital; that this was performed in a negligent manner and as a result plaintiff suffered necrosis of his skin and the underlying tissue, necessitating skin graft operations.

During the course of plaintiff's case, the defendants were called for cross-examination pursuant to Section 2317.07, Revised Code. Upon cross-examination, certain questions were propounded to defendants that required expert testimony. Objections were interposed to such questions and sustained by the court. Therefore, no expert testimony was elicited from the defendant. Moreover, plaintiff did not have any expert medical witness testify on his part.

The directed verdict was predicated on the absence of expert medical testimony which is a necessary prerequisite to the establishment of medical malpractice when the facts adduced are beyond the comprehension of laymen. A motion for new trial was subsequently overruled.

The plaintiff claims error as follows:

"1. In refusing to permit plaintiff to fully cross-examine defendants in accordance with the terms of Section 2317.07, Revised Code.

"2. In removing the issue of medical malpractice from the consideration of the jury, and thereby granting defendants' motion for directed verdict.

"3. In overruling plaintiff's Motion for New Trial."

The Court of Appeals of this state has twice passed on the question of whether a defendant called for cross-examination in a medical malpractice action can be required to give expert testimony. In *Forthofer* v. *Arnold*, 60 Ohio App., 436, 21 N. E. (2d), 869, it was stated:

"2. In an action against a physician for malpractice, the plaintiff may not, over objection, prove his case in chief by the expert opinion evidence of the defendant physician, where such defendant has been called for cross-examination under the provisions of Section 11497, General Code."

This case was followed by the same court in *Wiley* v. *Wharton*, 68 Ohio App., 345, 41 N. E. (2d), 255.

In *Osborn* v. *Carey*, 24 Idaho, 158, 132 P., 967, it was stated:

"This question was asked (of defendant on cross-examination) for the purpose of advancing plaintiff's case in chief and calls for an expert opinion by the witness. The statute was not intended to enable an adverse party to call an opposing party as an expert and seek to establish his side of the case by such expert evidence. Where a witness is called under the provisions of that act, he may be examined by the adverse party as if under cross-examination, subject to the rules applicable to the examination of other witnesses, but it is contrary to the purpose and reason of that statute to allow the plaintiff to make out his case in chief by expert opinion evidence secured from the defendant on cross-examination. If the plaintiff desires to make his case by expert evidence from the defendant himself, he must call him as his own witness, but is not permitted to do so under the provisions of that statute."

A very recent case (October 4, 1963) pertaining to this subject is *Ericksen* v. *Wilson*, 123 N. E. (2d), 687, where the Supreme Court of Minnesota said at page 691:

"Plaintiffs' persistence in attempting to make defendant their expert medical witness under the circumstances of the instant case amounted to improper cross-examination, prejudicial to defendant, and justified curtailment in the discretion of the trial court. An examination of authorities, both local and elsewhere, shows that it is generally held that in medical malpractice actions the plaintiff ought not to be permitted under the guise of cross-examination under the rules to compel expert testimony from the defendant in the hope of proving a case of malpractice without properly calling other expert medical witnesses."

An exhaustive review of this subject can be found in 88 A. L. R. (2d), 1186.

While some jurisdictions hold contrary to the above cases, we believe the rule set down by our Ninth District Appellate Court and the high courts of our sister states to be salutary, and we therefore adhere to it in this case and overrule this assignment of error.

Defendants under cross-examination would have to testify

as to facts within their own personal knowledge, but if plaintiff wanted expert testimony from them he should have called them as his own witnesses. Under Ohio law they could have been compelled to give such testimony. See *State, ex rel. O'Neall* v. *Darby*, 9 O. D. Rep., 725; *Pengelly* v. *Ashland County Commissioners*, 11 O. D., 620, 8 N. P., 386.

As to Assignment of Error No. 2, in order to submit a medical malpractice case to a jury without adducing expert testimony, the negligence of the physician must be so manifest as to be within the comprehension of a layman. See *Modrzynski* v. *Lust*, 55 Ohio Law Abs., 106, 88 N. E. (2d), 76. We hold that in this case expert testimony was necessary to establish medical malpractice and since none was produced, we overrule this assignment of error.

As to Assignment of Error No. 3, in view of our foregoing determination, we find that the trial court did not err in overruling plaintiff's motion for a new trial, and thus this assignment of error is overruled.

Judgment affirmed.

Exceptions. Order see journal.

SKEEL, C. J., SILBERT and CORRIGAN, JJ., concur.