## CIRCUIT COURT OF ALBEMARLE COUNTY

Marie Beckley

  v.

W. Kline Bolton

April 1, 1981

Case No. 1722-L

By JUDGE DAVID F. BERRY

I have reviewed further the authorities on the question of whether or not the defendant doctor, upon being called as an adverse witness, can be compelled to testify as an expert on the standard of care required of a physician in disclosing to the patient the risks and benefits to be expected from the procedure.

*Bly* v. *Rhoads*, 216 Va. 645, specifically disapproves the line of cases into which *Miller* v. *Kennedy*, 522 P.2d 855, fits. Mr. Landin cites *Oleksiw* v. *Weidener*, 195 N.E.2d 813, for the proposition that the defendant doctor cannot be required to give expert testimony to aid the plaintiff in proving his case while Mr. Kennett cites *McDermott* v. *Manhattan Eye, Ear & Throat Hospital*, 203 N.E.2d 469, for the proposition that the defendant physician, if he is qualified, can be required to give expert testimony for the purpose of establishing generally accepted medical practices in the community. I find no Virginia authority specifically covering this point.

We do have statutes covering both expert witnesses, Code Section 14.1-190, and adverse party witnesses, 8.01-401. The latter section throws no light on this question but the section relating to expert witnesses specifically addresses compensation and allows such, in the discretion of the court, if requested. I am persuaded that the better practice is to follow the general rule that a witness may not be called and compelled to give expert testimony unless he has voluntarily contracted

so to do. Therefore, the defendant doctor cannot be used as an expert for the purposes set forth in the plaintiff's interrogatories and Request for Admissions.