## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

James Gerwin, etc., et al.

v.

Burton A. Moss

May 22, 1984

Case No. L-424

By JUDGE H. CALVIN SPAIN

On May 18, 1984, a hearing was held concerning the objections of the defendant, Burton A. Moss, to answering Interrogatories numbers 4 and 7, previously filed in this matter. At that time, each of you gentlemen supplied the undersigned with voluminous citations concerning the law.

A review of the cases that were cited reflect that the singular subject matter addressed was the matter of a medical standard of care and the compliance of a defendant with respect to such standard of care. As pointed out, there is a split in authority on the subject and the Supreme Court of Virginia has not ruled.

Insofar as this case is concerned, the Court has decided that it will permit an interrogatory that does inquire as to what the standard of care would have been under the circumstances, and whether the defendant did in fact comply with that standard of care. The court will not permit any opinion to be rendered which would call upon the defendant to render an expert opinion as to the conduct of the other professionals who would, almost of necessity, become parties defendant in this matter.

With respect to Interrogatory number 4, the court would permit the answering of Interrogatory number 4 through the first two and three-quarters lines as presently typed. In other words, the sentence would end with the

word "Gerwin." All other matters after it would not be permitted and the objection, therefore, in part sustained.

With respect to Interrogatory number 7, the Interrogatory would be permitted so long as it did not call for the defendant's opinion. If rephrased to ask [for] factual information that will be the defenses raised as factual contentions by the defendant, then, the court has no problem with respect to the question. As written, however, the objection is sustained.

While this letter may cause you some confusion, I will try to again clarify the Court's position. Essentially it is that a defendant physician may be called upon to give his expert opinion as to the standard of care in a particular community for a particular subject, and he may be required to answer whether he in fact adhered to that standard of care. That is basically as far as the Court is going to go without specific questions in mind. I have given you this information in hopes that the two interrogatories to which objections were filed may now be amended to allow the intent in each case to be clearly set forth, and to further provide you with an answer to the standard of care question. Specifically, the standard of care question has not been set forth in number 4 or number 7, but reference was made by inuendo.