# CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Nellie Dennis,
Executor of
the Estate of
Leonard Opheim

v.

Annaburg Manor,
Continuing Care Corporations,
Dr. James Werner,
and Prince William
Health Systems

January 4, 2002

Case No. LA50811

BY JUDGE ROSSIE D. ALSTON, JR.

This matter came before the Court on Defendants' Continuing Care Services' and Prince William Health Systems' Motion in Limine, Motion to Strike, and Motion for a Protective Order. After considering the briefs submitted by counsel and the oral argument heard December 7, 2001, this Court is of the opinion that the Defendants' motions must be granted.

The Defendants' motions seek to exclude testimony given during deposition by Sharon Squires, R.N., an employee of the defendant, designated as an expert witness for the Plaintiff in this medical malpractice case. During Ms. Squires's deposition, the Plaintiff elicited specific testimony from the witness regarding applicable standards of care.

While the Virginia Supreme Court has not considered the issue at hand, this Court is guided by several cases decided by other circuit courts. *Speelman v. Schuler*, 4 Va. Cir. 304 (1985); *Simpson v. Larson*, 1 Va. Cir. 223 (1981); and *Beckley v. Bolton*, 4 Va. Cir. 39 (1981), each hold that a defendant doctor cannot be compelled to give testimony on the standard of care. In contrast to these opinions, *Gerwin v. Moss*, 6 Va. Cir. 113 (1984),

holds that the defendant doctor *may* testify as to what the standard of care would have been under the circumstances and whether the defendant did in fact comply with that standard. However, the court states that a defendant cannot be compelled to give an expert opinion as to the conduct of other professionals who would become parties to the matter.

These seemingly contrary holdings can be reconciled by considering the statutes applicable to this area of the law and the policy reasons behind the exclusion of expert testimony given by defendant doctors. Under Virginia Code § 8.01-581.20, the standard of care in medical malpractice cases and the like is to be determined through the opinion testimony of qualified expert witnesses practicing medicine in the Commonwealth. Specifically, the Code discusses the use of a community standard and the necessity that health care professionals be held to the expectations of their regional practice. Defendants are excluded from providing this type of expert testimony primarily because such testimony would circumvent the utility of using a community standard. While a doctor can testify as to the personal standards he applied in a particular case, that testimony cannot be used to create the standard for other potential defendants in the same case. As a party defendant, questions would certainly arise as to this "witness's" ability to provide an independent and unbiased opinion. Further, to introduce the personal standards of the defendant doctor and potentially conflicting objective standards presented by other members of the medical community would, in all likelihood, confuse the fact finder and create difficulty in determining the appropriate level of responsibility.

For such reasons as are stated above, this Court finds that the Defendants' Motions are granted, and any testimony given by Ms. Squires relating to the standards of care, as they apply to other potential defendants in the case, shall be excluded.